IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | |
|---|---|
| KATHERINE BRUCE, Individually and as Surviving Spouse of JIM RICHARD BRUCE II, deceased, and as Personal Representative of the Estate of Jim Richard Bruce II, deceased,<br><br>    Plaintiff,<br><br>v.<br><br>WILLIAMSON MEDICAL CENTER, INC.; ARMAN M. HAKIMIAN, M.D.; and, TANNER S. BOYD, M.D.,<br><br>    Defendants. | Civil Action No. _____<br>*Jury Demanded* |

COMPLAINT FOR DAMAGES FOR NEGLIGENCE,
PERSONAL INJURIES, AND WRONGFUL DEATH

Plaintiff KATHERINE BRUCE, (Individually and as Surviving Spouse of JIM RICHARD BRUCE II, deceased, and as Personal Representative of the Estate of Jim Richard Bruce II) makes this complaint to state her cause(s) of action against Defendants WILLIAMSON MEDICAL CENTER, INC. ARMAN M. HAKIMIAN, M.D., and TANNER S. BOYD, M.D. for damages and personal injury resulting from negligence and for the wrongful death of Jim Richard Bruce II. Plaintiff further states:

*PARTIES*

1. Plaintiff Katherine F. Bruce is a resident of Missouri and she is the surviving spouse of Jim Richard Bruce II, who is now deceased, and the personal representative of the Estate of Jim Richard Bruce II.

1

a. Katherine Bruce was appointed personal representative of the Estate of Jim Richard Bruce II on March 23, 2023, by the Circuit Court for Dunklin County, Missouri (Probate Division), 34th Judicial District of Missouri, in Case No. 23-DU-PR00029.

b. Katherine Bruce has the statutory right to bring this suit under both Tennessee law (where the cause of action arose: Tenn. Code Ann. §20-5-101 *et seq.*, specifically Tenn. Code Ann. §20-5-107(a)), and Missouri law (the state of residency of Jim Richard Bruce II prior to his death and the state of residency of Katherine Bruce before and after the death of Jim Richard Bruce II: Rev. Stat. Mo. §537.080.1(1)).

2. Defendant WILLIAMSON MEDICAL CENTER, INC. is a corporation formed under Tennessee law and licensed to conduct business as a hospital in Tennessee and is sometimes called "Williamson Medical Center" in this complaint.

a. The state of formation of this Defendant is Tennessee and the principal place of business of this Defendant is Tennessee.

b. The registered agent for this corporation is believed to be Jeffrey D. Moseley, Registered Agent, 2021 N Carothers Rd, Franklin, TN 37067, and this corporation may be served with process through that agent.

c. Williamson Medical Center, Inc. is vicariously liable for the acts of Arman M. Hakimian and Tanner S. Boyd.

3. Defendant ARMAN M. HAKIMIAN, M.D., ("Hakimian" or "Dr. Hakimian") is a duly licensed medical doctor in Tennessee and at all times material

to this complaint was practicing his profession in Williamson County, Tennessee at Williamson Medical Center. Dr. Hakimian treated Jim Richard Bruce II at Williamson Medical Center. Dr. Hakimian can be found and served with process at 4321 Carothers Pkwy, Franklin, TN 37067-5909. Dr. Hakimian is a resident of Tennessee.

4. Defendant TANNER S. BOYD, M.D., ("Boyd" or "Dr. Boyd") is a duly licensed medical doctor in Tennessee and at all times material to this complaint was practicing his profession in Williamson County, Tennessee at Williamson Medical Center. Dr. Boyd treated Jim Richard Bruce II at Williamson Medical Center. Dr. Boyd can be found and served with process at 4321 Carothers Pkwy, Franklin, TN 37067-5909. Dr. Boyd is a resident of Tennessee.

## *JURISDICTION*

5. This court has subject matter jurisdiction over this case under 28 U.S.C. §1332, as complete diversity exists and the amount in controversy is greater than $75,000. Specifically:

   a. Katherine F. Bruce is a resident of Missouri. No defendant is a resident of Missouri.

   b. One component of the measure of damages for a wrongful death case in Tennessee is the economic value of the life of Jim Richard Bruce II, and that component alone is greater than $75,000.

6. The acts and/or omissions described in this complaint that caused the death of Jim Richard Bruce II occurred in Williamson County, Tennessee, and each

defendant was purposefully conducting business in Williamson County, Tennessee at the time of the acts described in this complaint. This Court therefore has personal jurisdiction over each defendant under the Tennessee Long Arm Statute and the Fourteenth Amendment to the United States Constitution.

7. The acts described in this complaint occurred in Williamson County, Tennessee, and so venue lies in this Court. 28 U.S.C. §123(b)(1); 28 U.S.C. §1391(b).

8. Katherine Bruce fulfilled all the procedural prerequisites for a health care liability action in Tennessee, Tenn. Code Ann. §29-26-101 *et seq.* (particularly, *see* Tenn. Code Ann. §29-26-121 and §29-26-122), including sending the pre-suit notice and review of the case by a witness competent to offer testimony as to the standard of care and causation along with an opinion from that person that permits this case to be filed, but under the authority of *Smith v. CoreCivic, Inc.*, 618 F. Supp. 3d 695, 706 (M.D. Tenn. 2022) and *Albright v. Christensen*, 24 F.4th 1039 (6th Cir. 2022), the procedural prerequisites of Tennessee's health care liability statute do not apply in this Court and so may not extend the statute of limitations to file in this Court. Consequently, though procedural compliance with Tennessee's health care liability statute has occurred, the compliance is not described in this complaint as it is not a prerequisite to filing in this Court.

*BACKGROUND, FACTS, AND CAUSES OF ACTION*

9. On 12 February 2023, Jim Richard Bruce II was admitted to Williamson Medical Center and was under the care of Dr. Hakimian and Dr. Boyd.

10. At the time of admission to Williamson Medical Center, Mr. Bruce had a condition known as middle cerebral artery berry aneurysm.

11. Several days prior to his presentation at Williamson Medical Center, Mr. Bruce suffered from severe headaches radiating to his neck.

12. In the presence of a middle cerebral artery berry aneurysm, headaches radiating to the neck are a sign of cerebral hemorrhaging, specifically a subarachnoid hemorrhage.

13. Dr. Boyd ordered testing, a CT scan with contrast, and that test revealed the presence of the aneurysm described above, but, according to Dr. Boyd did not show bleeding in the brain of Mr. Bruce; the bleeding was present, however, and Dr. Boyd either did not heed the test result or he did not act upon the information revealed by the scan.

14. Based upon his initial error, Dr. Boyd erroneously ordered the administration of anticoagulant medication.

15. Dr. Hakimian participated in treating Mr. Bruce, and he continued administration of the anticoagulant medication.

16. The administration of the anticoagulant medication was a mistake and a deviation from the standard of care.

17. Mr. Bruce was discharged from Williamson Medical Center on February 13, 2023.

18. The discharge was a mistake and a deviation from the standard of care.

19. The anticoagulant medication caused a massive and fatal hemorrhage in the brain of Mr. Bruce.

20. It was the duty of Dr. Boyd and Dr. Hakimian to ensure proper care was exercised in the treatment of Mr. Bruce, especially and specifically, at least, that no medication was administered that caused harm to Mr. Bruce or exacerbated his existing condition.

21. Dr. Boyd and Dr. Hakimian breached the applicable standard of professional care and administered medication to Mr. Bruce that resulted directly in his death.

22. At all times material to the allegations in this complaint, Dr. Boyd and/or Dr. Hakimian were employees or agents of Williamson Medical Center and Williamson Medical Center is liable for the acts, omissions, and negligence of its employees / agents.

23. The actions and omissions of Defendants were a breach of the standard of care applicable to them at the time of the actions and omissions.

24. The deviations from the standard of professional care applicable to Defendants were the direct and proximate cause of the injuries and death suffered by Jim Richard Bruce II, including his ultimate demise on February 13, 2023.

25. Katherine Bruce brings this civil action against the Defendants for personal injuries, damages, intense pain and suffering, mental anguish, wrongful death, and medical bills and expenses, all of which occurred as a direct and proximate result of the actions and omissions of the Defendants.

26. Jim Richard Bruce II suffered injury, pain, and death as a direct and proximate result of the negligent acts of the Defendants described in this complaint.

27. As a result of the acts of negligence, the omissions constituting negligence, and the deviations from the standard of care in the community, and as a direct and proximate cause of the Defendants' negligence, Jim Richard Bruce II suffered severe and disabling injuries, pain, and death and incurred medical expenses.

WHEREFORE, KATHERINE BRUCE sues the WILLIAMSON MEDICAL CENTER, INC., TANNER S. BOYD, and ARMAN M. HAKIMIAN, and prays for compensatory damages arising from the injuries, pain, and suffering of Jim Richard Bruce II and the wrongful death of Jim Richard Bruce II, for loss of consortium, for medical expenses, for compensation for all of the injuries set forth in this complaint, and for all damages permitted under the wrongful death statute, all in an amount to be determined by a jury, but not to exceed Two Million Dollars; and,

Plaintiff prays for a jury to try this cause and for such other relief, whether general or specific, to which she may be entitled under the facts of this case and the law, including that the costs of this cause be taxed to the Defendants.

Respectfully submitted,

KATHERINE BRUCE
*By and through her attorneys*:

*/s/ Lewis Jenkins (electronic signature)*
William Lewis Jenkins Jr. #017423
(Electronic mail: ljenkins@lexverum.com)
Dean P. Dedmon #017949
(Electronic mail: ddedmon@lexverum.com)
Jenkins|Dedmon Law Group LLP
426 Troy Avenue, P.O. Box 846
Dyersburg, TN 38025-0846
731.259.6100 (Telephone)
731.259.6099 (Facsimile)